UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **GLENNA SELSOR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. 1:26-cv-01589** |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§1441 and 1446 Defendant The Lincoln National Life Insurance Company ("Lincoln"), hereby gives notice that it removes this state court action from the Superior Court of Johnson County, Indiana, to the United States District Court for the Southern District of Indiana. In support of the instant Notice of Removal, Lincoln respectfully states unto the Court the following:

**FACTUAL BACKGROUND**

1. Plaintiff instituted this action against Defendant on or about June 30, 2026, in the Superior Court of Johnson County, Indiana as Civil Action No. 41D02-2606-PL-000102.

2. Defendant was served with this lawsuit on July 8, 2026. As required by Local Rule 81-2(a), a copy of the complete State Court Record as of date of the filing of this Notice of Removal is attached hereto as Exhibit "A" and incorporated herein by this reference. Pursuant to Local Rule 81-2(d) a separate copy of the operative Complaint filed by Plaintiff in the State Court Action is also attached as Exhibit "B" hereto. Lincoln has not served any answer or responsive pleading to the Complaint and Lincoln's Removal is filed within thirty (30) days of it being served with process and

within one (1) year after commencement of the instant action, as allowed by 28 U.S.C. § 1446(b). Plaintiff requested a jury in the state court action. Defendant denies that trial by jury is available under ERISA.

## GROUNDS FOR REMOVAL

3. Plaintiff's civil action arises under the laws of the United States. Therefore, this Court has federal question jurisdiction over this matter under 28 U.S.C. § 1331, and removal is proper pursuant to 28 U.S.C. §§ 1441 and 1446.

4. Plaintiff is seeking to recover benefits allegedly due under a group life insurance policy ("Policy")[1] that was issued by Lincoln to Townsend Company, LLC ("Townsend"). Lincoln issued the Policy pursuant to the Townsend Company, LLC Group Life Benefit Plan ("the Plan"), which provides certain benefits to employees of Townsend. Although a copy of the Policy was not attached to Plaintiff's Complaint, Plaintiff specifically makes numerous references in her Complaint to the Policy.[2] Accordingly, a true and correct copy of the Policy and Plan Certificate are attached hereto as Exhibit C. The Plan, of which the Policy is a part, is an employee welfare benefits plan as defined by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq.[3] ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003. An "employee benefit plan" is defined as an employee welfare benefit plan or an employee pension benefit plan. 29 U.S.C. § 1002(3). A plan is a welfare benefit plan if it "was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of sickness,

[1] *See* Exhibit B, Plaintiff's Complaint at ¶¶ 4-6 and 8-9.
[2] *See* Exhibit B, Plaintiff's Complaint at ¶¶ 4-6, 8-9, 13-16, and the Prayer of the Complaint.
[3] Policy at page 26, attached as Exhibit C.

accident, disability, death or unemployment." 29 U.S.C. § 1002(1) (references to other types of employer-provided benefits qualifying as ERISA plans omitted) (emphasis added).

5. District courts have federal question jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A civil action arises under the laws of the United States if the state-law claim raised in the civil action "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."[4] This action involves claims that relate to the laws of the United States, specifically, ERISA, 29 U.S.C. §§ 1001, et seq. ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003. An "employee benefit plan" is defined as an employee welfare benefit plan or an employee pension benefit plan. 29 U.S.C. § 1002(3). A plan is a welfare benefit plan if it "was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of sickness, accident, disability, death or unemployment." 29 U.S.C. § 1002(1) (references to other types of employer-provided benefits qualifying as ERISA plans omitted) (emphasis added).

6. Plaintiff's claims necessarily raise stated federal issues, actually disputed and substantial, which this Court may entertain without disturbing any congressionally approved balance of state and federal responsibilities.

7. As noted above, Plaintiff is seeking to recover benefits allegedly due under a group life insurance policy ("Policy")[5] that was issued by Lincoln to Townsend pursuant to the Plan, which provides certain benefits to employees of Townsend. The benefit plan at issue is an "employee

4 *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 125 S. Ct. 2363, 2368 (2005).

5 *See* Exhibit B, Plaintiff's Complaint at ¶¶ 4-6 and 8-9.

welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of ERISA. Therefore, the plan and an action for benefits from the plan under the Policy are governed by ERISA.

8. The Court's analysis of Plaintiff's causes of action will necessarily require interpretation of this ERISA plan. Because the preemptive force of ERISA is so powerful that it completely displaces any state law cause of action, Plaintiff's causes of action will be "recharacterized" as a federal claim under ERISA. Plaintiff's causes of action in the State Action are completely preempted by 29 U.S.C. § 1132(a)(1)(B) and/or § 1132(a)(3). *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724 (1985); *Pilot Life Ins. Co. v. Dedeoux*, 481 U.S. 41 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987); *Tolton v. American Biodyne, Inc.*, 48 F.3d 937 (6th Cir. 1995). Accordingly, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a) as it is under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

9. By filing this Notice of Removal, Lincoln does not waive its right to assert any defenses and/or objections to which it is entitled.

**TIMELINESS OF REMOVAL**

10. Removal of this matter is timely pursuant to 28 U.S.C. § 1446. This Notice of Removal has been filed within thirty (30) days of service of process upon the removing party.

**REMOVAL TO THE SOUTHERN DISTRICT OF INDIANA IS PROPER**

11. The Superior Court of Johnson County, Indiana, is within the United States District Court for the Southern District of Indiana, Indianapolis Division, to which this action is removable.

**NOTICE TO STATE COURT AND PLAINTIFF**

12. This Notice of Removal will be filed promptly with the State Court, as required by 28 U.S.C. § 1446(d).

13. By copy of this document and in accordance with the Certificate of Service, Lincoln is providing notice to all parties in this action advising of the filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

Respectfully submitted,

By: /s/ Iwana Rademaekers
Iwana Rademaekers (Texas Bar # 16452560)
(Motion for Admission *Pro Hac Vice* Forthcoming)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all known counsel of record by Electronic Mail on the 29th day of July 2026.

James A.L. Buddenbaum
Parr Richey Frandensen Patterson Kruse LLP
251 North Illinois Street
Suite 1800
Indianapolis, IN 46204
Email: jbuddenbaum@parrlaw.com

/s/ Iwana Rademaekers
Iwana Rademaekers