41D02-2606-PL-000102
Johnson Superior Court 2
Filed: 6/30/2026 2:25 PM
Clerk
Johnson County, Indiana

STATE OF INDIANA ) IN THE JOHNSON SUPERIOR COURT
) SS:
COUNTY OF JOHNSON ) CAUSE NO. ________________________

GLENNA SELSOR, )
Plaintiff, )
v. )
LINCOLN NATIONAL LIFE INSURANCE COMPANY, )
Defendant. )

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Glenna Selsor ("Plaintiff"), by counsel, for her Complaint against Defendant, Lincoln National Life Insurance Company ("Defendant"), alleges as follows:

**PARTIES**

1. Plaintiff, Glenna Selsor is an individual residing at 52 Pebble Creek Drive, Greenwood, Johnson County, Indiana 46143.

2. Defendant, Lincoln National Life Insurance Company, is a domesticated insurance company authorized to do business in the State of Indiana with its principal place of business at 1301 South Harrison Street, Fort Wayne, Indiana 46802.

**JURISDICTION AND VENUE**

3. Jurisdiction and venue are proper in this Court because the events giving rise to this action occurred in this jurisdiction and Defendant conducts business herein.

**FACTUAL ALLEGATIONS**

4. Defendant issued a life insurance policy (the "Policy") insuring the life of William Delmar Selsor (the "Insured").

EXHIBIT
**B**

5. Plaintiff was a designated beneficiary of the Policy and is entitled to receive the proceeds upon the death of the Insured.

6. The Policy was in full force and effect at all relevant times, including on November 27, 2024.

7. On November 27, 2024, the Insured, William Delmar Selsor, died.

8. Plaintiff timely notified Defendant of the Insured's death and submitted all required documentation and proof of claim in accordance with the terms of the Policy.

9. Despite Plaintiff's compliance with all policy conditions, Defendant has failed and refused to pay the life insurance proceeds due and owing under the Policy.

10. Defendant has not provided a reasonable or valid basis for its denial or delay of payment.

11. Defendant's conduct has caused Plaintiff financial harm and other damages.

## COUNT I – BREACH OF CONTRACT

12. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

13. The Policy constitutes a valid and enforceable contract between Plaintiff and Defendant.

14. Plaintiff has performed all conditions precedent required under the Policy.

15. Defendant breached the Policy by failing and refusing to pay the benefits due upon the death of the Insured.

16. As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages in an amount equal to the Policy benefits, together with interest and other consequential damages.

**COUNT II – INSURER BAD FAITH**

17. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

18. Defendant owed Plaintiff a duty of good faith and fair dealing in handling her claim for life insurance benefits.

19. Defendant breached this duty by, among other things:

a. Failing to conduct a reasonable and prompt investigation of Plaintiff's claim;

b. Unreasonably delaying payment of benefits;

c. Denying or failing to pay the claim without a reasonable basis;

d. Failing to provide a reasonable explanation for its denial or delay; and

e. Placing its own financial interests above those of Plaintiff.

20. Defendant's actions were willful, wanton, malicious, and in reckless disregard of Plaintiff's rights.

21. As a result of Defendant's bad faith conduct, Plaintiff has suffered additional damages including, but not limited to, financial losses, emotional distress, and is entitled to punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendant as follows:

A. Awarding compensatory damages in an amount equal to the life insurance policy proceeds;

B. Awarding consequential damages as permitted by law;

C. Awarding punitive damages for Defendant's bad faith conduct;

D. Awarding pre-judgment and post-judgment interest;

E. Awarding costs of this action and, where permitted, attorney's fees; and

F. Granting all other just and proper relief.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands trial by jury.

Respectfully submitted,

PARR RICHEY FRANDSEN PATTERSON KRUSE LLP

/s/ *James A.L. Buddenbuam*
James A. L. Buddenbaum (14511-49)
251 North Illinois Street
Suite 1800
Indianapolis, IN 46204
(317) 269-2500
jbuddenbaum@parrlaw.com

*Attorney for Glenna Selsor*